**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CUSTOM DESIGN & DRAFTING SERVICES, INC.,**

      **Plaintiff,**

-vs-               Case No. 6:05-cv-1459-Orl-31KRS

**ROYAL DEVELOPMENT, LLC,**

      **Defendant.**

## ORDER

The Court entered an Order in this case on March 1, 2006 granting the Plaintiff, Custom Design & Drafting Services, Inc.'s ("Custom") request for injunctive relief, and denying its request for statutory damages and attorney's fees under 17 U.S.C. sections 504 ("Section 504") and 505 ("Section 505"). (Doc. 14). Custom sought reconsideration of that Order, (Doc. 15), which the Court granted, (Doc. 16), and Custom then filed an affidavit supporting its request for statutory damages, (Doc. 17). Based on this supplemental affidavit and the Court's reconsideration of Custom's Motion for Entry of Default Judgment (Doc. 11), the Court grants Custom's request for an award of statutory damages and attorney's fees pursuant to Sections 504 and 505.

Section 504 provides that a copyright owner may recover "instead of actual damages and profits, an award of statutory damages for all infringements involved in the action . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). Within the statutory limits, the Court has "broad" or "wide" discretion in determining the amount of statutory damages to be awarded. *Cable/Home Communication Corp. v. Network Prods., Inc.*,

902 F.2d 829, 852 (11th Cir. 1990); *Nintendo of Am., Inc. v. Ketchum*, 830 F. Supp. 1443, 1445 (M.D. Fla. 1993); *Major Bob Music v. Stubbs*, 851 F. Supp. 475, 481 (S.D. Ga. 1994). The Court may consider a number of factors, including: (1) expenses saved and profits reaped by the infringer; (2) revenues lost by the copyright holder as a result of the infringement; and (3) the purposes of the copyright statutes, which include restitution, preventing unjust enrichment, reparation, and deterrence. *Nintendo*, 830 F. Supp. at 1445; *Major Bob*, 851 F. Supp. at 481; *Morley Music Co. v. Café Cont'l, Inc.*, 777 F. Supp. 1579, 1583 (S.D. Fla. 1991). In computing statutory damages, the Court necessarily makes estimates, and thus statutory damages may not correspond precisely with actual damages. *Fitzgerald Publ'g Co., Inc. v. Baylor Publ'g Co., Inc.*, 670 F. Supp. 1133, 1140 (E.D.N.Y. 1987).

Custom has given no indication of the value of its copyright. However, in the Court's experience, "off-the-shelf" house plans have minimal market value. Accordingly, the Court awards Custom a total of $5,000 in statutory damages, calculated by assessing damages of $1,000 per violation.

Attorney's fees are authorized under Section 505, and may be awarded in the Court's discretion.[1] *Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1315 (S.D. Fla. 2003). The only preconditions to an award of attorney's fees are that the party receiving the fees be the prevailing party and that the award be reasonable. *Major Bob*, 851 F. Supp. at 482. The determination of the appropriate amount of fees to be awarded includes a number of factors, including: the amount of time spent (and work done) on the case, the amount of work necessary,

---

[1] Attorney's fees are appropriate in cases involving default judgments. *Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1315 (S.D. Fla. 2003).

the skill employed, the amount of money involved, and the result achieved.  *Lauratex Textile Corp. v. Allton Knitting Mills, Inc.*, 517 F. Supp. 900, 904 (S.D.N.Y. 1981).  The Court concludes that an award of attorney's fees in favor of Custom is appropriate in this case, and will determine the appropriate award of fees upon Custom's submission of additional materials.  *Id*.

Accordingly, it is

**ORDERED THAT** Custom is awarded $5,000 in statutory damages pursuant to 17 U.S.C. section 504(c)(1), and is entitled to attorney's fees pursuant to 17 U.S.C. section 505.  Custom may, within fifteen days, submit its application for fees and costs, at which time the Court will enter a final judgment including injunctive relief, statutory damages, costs and attorney's fees.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 21, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party